UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ESTATE OF EDNA COOPER, deceased and Sandra Cooper, as Personal Representative of Estate of Edna Cooper,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE NORTHWEST, INC., an Oregon corporation; AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC., a Delaware corporation; and JOHN and JANE DOES 1 through 3, individually and their marital communities comprised therein,<br><br>Defendants. | Case No. C09-5530 FDB<br><br>ORDER GRANTING AMERICAN MEDICAL RESPONSE'S MOTION TO DISMISS |

This matter comes before the Court on Defendants American Medical Response Northwest, Inc. and American Medical Response Ambulance Service, Inc's (hereinafter referred to collectively as "AMR") motion to dismiss pursuant to Fed. R. Civ. P. 12(c) due to Plaintiffs' failure to file a notice of intent before commencing this lawsuit pursuant to RCW 7.70.100(1). The Plaintiffs have not filed a response to the motion to dismiss.

ORDER - 1

1    The Court, having reviewed the pleadings and record herein, is fully informed and finds that Defendants are entitled to dismissal of this action.

**Introduction and Background**

This action was brought by Sandra Cooper, as personal representative of the estate of Edna Cooper. Plaintiffs allege that Edna Cooper, now deceased, sustained injuries while in the process of being transported by ambulance from a nursing home to Tacoma General Hospital. Plaintiffs claim that two AMR employees, believed to be paramedics and/or emergency medical technicians, negligently allowed Edna Cooper's gurney to tip over while transporting her from the nursing home to the ambulance. Plaintiffs further claim that the injuries sustained as a result of falling from the gurney were a proximate cause of Edna Cooper's death several days later.

Plaintiffs filed this lawsuit in Pierce County Superior Court on August 18, 2009. Service was obtained on AMR on August 21, 2009. AMR was not provided a "notice of claim" prior to the commencement of the lawsuit.

**Rule 12(c) Standards**

A motion for judgment on the pleadings under FRCP 12(c) may be granted only when the moving party clearly establishes on the face of the pleadings that (1) no material issue of fact remains to be resolved; and (2) it is entitled to judgment as a matter of law. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). In reviewing a motion under Rule 12(c), all allegations of fact of the opposing party are accepted as true and are construed in the light most favorable to that party. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

Plaintiffs have failed to respond to the motion to dismiss. Local Rule CR 7(b)(2) requires each party opposing a motion to file a response. The rule states, in relevant part that "[i]f a party fails to file the papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Although it is within the Court's discretion to view Plaintiffs' failure to respond as acquiescence to the granting of the motion, the Court will review the motion on

ORDER - 2

its merits to ensure entry of judgment is appropriate.

**Notice of Claim Requirement**

As a condition precedent to commencing an action alleging medical negligence against a health care provider, RCW 7.70.100(1) requires the claimant to give the health care provider at least 90 days notice of the intent to file suit:

> No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action.... If the notice is served within ninety days of the expiration of the applicable statute of limitations, the time for the commencement of the action must be extended ninety days from the date the notice was mailed, and after the ninety-day extension expires, the claimant shall have an additional five court days to commence the action.

Under the plain language of RCW 7.70.100(1), if a claimant serves the notice within 90 days of the expiration of the statute of limitations, the claimant must wait until after the mandatory 90 day waiting period has expired and then file the lawsuit within the next five court days. Bennett v. Seattle Mental Health, 150 Wn. App. 455, 456, 208 P.3d 578 (2009). The notice requirement and 90-day waiting period are mandatory. Failure to comply with the requirements of the claim notice provisions requires dismissal of the action. Bennett, at 465: Breuer v. Douglas D. Presta, D.P.M., 148 Wn. App. 470, 477-78, 200 P.3d 724 (2009); Waples v. Yi, 146 Wn App. 54, 61, 189 P.3d 813 (2008).

It is undisputed that AMR and the individual defendants are health care providers as defined by RCW 7.70.020 and that Plaintiffs failed to provide the notice of claim prior to commencing suit. Accordingly, the action is subject to dismissal.

**Conclusion**

For the above stated reasons, Defendants are entitled to judgment on the pleadings.

ACCORDINGLY;

IT IS ORDERED:

American Medical Response's Motion to Dismiss [Dkt # 6] is **GRANTED**. Plaintiffs'

ORDER - 3

1 | claims are hereby dismissed with prejudice.

3 | DATED this 28th day of October, 2009.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4